UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,          CIVIL ACTION NO.:

        Plaintiff,          HONORABLE:

vs.

MICHAEL D. SWINT,

        Defendant,

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1. This court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2. The defendant is a resident of Wayne County, Michigan within the jurisdiction of this Court and may be served with service of process at 11399 Mitchell Street, Hamtramck, MI 48212.

### The Debt – Account No. 1998A16301

3. The debt owed to the United States of America is as follows:

| | | |
|---|---|---|
| A. | Current Principal *(after application of all prior payments, credits, and offsets)* | $3,938.01 |
| B. | Current Capitalized Interest Balance and Accrued Interest | $1,294.73 |
| C. | Administrative Fee, Costs, Penalties | $50.00 |
| D. | Accrued Capitalized Interest since February 10, 1997 | $5,337.47 |
| | **Total Owed** | **$10,620.21** |

The Certificate of Indebtedness, attached as Exhibit "A", shows the total owed excluding attorney's fees and CIF charges. The principal balance and interest balance shown on the Certificate of

Indebtedness is correct as the date of the Certificate of Indebtedness after application of all prior payments, credits and offsets. Prejudgment interest accrues at the rate of 8% per annum.

## Failure to Pay

4. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 and that interest on the judgment be at the legal rate until paid in full;

B. For attorney's fees to the extent allowed by law;

C. Filing fee of $350.00 as premitted by 28 U.S.C. § 2412(a)(2); and,

D. For such other relief which the Court deems proper.

Respectfully submitted,

By: */s/ Craig S. Schoenherr, Sr.*
CRAIG S. SCHOENHERR, SR. (P32245)
Attorney for Plaintiff
O'Reilly Rancilio PC
12900 Hall Rd Ste 350
Sterling Heights, MI 48313
Phone: (586) 726-1000
Fax: (586) 726-1560
cschoenherr@orlaw.com

U.S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

Name: Michael D. Swint

Address: 19428 Lauder
Detroit, MI 48235
SSN No: ███-██-8456

Total debt due United States as of 2/10/97:    $5,282.74

I certify that U.S. Department of Education records show that the debtor named above is indebted to the United States in the amount stated above, plus additional interest on the principal balance of $3,938.01 from 2/10/97 at the annual rate of 8.00%. Interest accrues on the principal amount of this debt at the rate of $0.86 per day.

The claim arose in connection with a Government insured or guaranteed loan made by a private lender and assigned to the United States.

On 8/8/89 & 9/9/90 the debtor executed promissory note(s) to secure loan(s) from Volunteer Bank and Trust Company, St. Paul, MN under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et.seq (34 C.F.R. part 682). The holder demanded payment according to the terms of the note(s) and on 8/28/91 & 3/28/92 the debtor defaulted on the obligation.

Pursuant to 34 C.F.R. 682.202 and/or terms of the promissory note(s) the holder(s) capitalized interest accrued to the original lender in the amount of $191.72, thereby increasing the principal balance due to $3,938.01.

After application of the last voluntary payment of $0.00 which was received on N/A the debtor now owes the following:

Principal:                              $3,938.01
Interest:                               $1,294.73
Administrative/Collection Costs:        $50.00
Penalties:                              $0.00

CERTIFICATION: Pursuant to 28 USC Section 1746, I certify under penalty of perjury that the foregoing is true and correct.

2-20-97                     Richard Titewig
Date                        Loan Analyst
                            Litigation Branch

EX. A

EXHIBIT A

| HIGHER EDUCATION ASSISTANCE FOUNDATION (HEAF) | HEAF MICROGRAPHICS USE ONLY | STAFFORD STUDENT LOAN (Formerly Guaranteed Student Loan) APPLICATION/PROMISSORY NOTE |

**SECTION A - TO BE COMPLETED BY BORROWER**

1. NAME: Swint, Michael D.
2. SOCIAL SECURITY NUMBER: -8456
4. PERMANENT ADDRESS: 19428 Lauder, Detroit, Michigan 48235
5. PERMANENT HOME PHONE: (313) 861-8325
6. U.S. CITIZENSHIP STATUS: 1 X U.S. CITIZEN OR NATIONAL
7. PERMANENT RESIDENT OF WHICH STATE: Michigan
8. DRIVER'S LICENSE: None
9. ADDRESS OF BORROWER WHILE IN SCHOOL: 901 College Street Knoxville, Tennessee 37921
10. PHONE AT SCHOOL ADDRESS: (615) 524-6500
12. LOAN AMOUNT REQUESTED: $2,625.00
    LOAN PERIOD: Aug. 90 — May 91

**PRIOR LOAN INFORMATION**
- YES HAVE DETAILS ON SEPARATE SHEET: X
- X
- $2,625
16. PRINCIPAL BALANCE OF MOST RECENT PRIOR STAFFORD(GSL): 2,625
17. GRADE LEVEL OF MOST RECENT PRIOR STAFFORD: 01
18. LOAN PERIOD END DATE: 8-1-89
    X

**REFERENCES**

| Teresa Swint | John Moore | James Frierson |
| 19428 Lauder | 19198 Ohio | 1212 Marlowe |
| Detroit, Michigan 48235 | Detroit, Michigan 48235 | Detroit, Michigan 48235 |
| (313) 861-8325 | (313) 869-2112 | (313) 331-7525 |

24. SIGNATURE OF BORROWER: X Michael Swint
    DATE: 9/5/90

**SECTION B - TO BE COMPLETED BY SCHOOL**

22. NAME AND ADDRESS OF SCHOOL:
Knoxville College
901 College Street
Knoxville, Tennessee 37921   (615) 524-6856
SCHOOL CODE: 003497

| 27. SCHOOL PROCESSOR | 28. PERIOD LOAN WILL COVER | 29. STUDENT'S GRADE LEVEL | | |
| | FROM 8-1-90 TO 5-1-91 | 02 | 6-1-94 | X |

| 32. ADJUSTED GROSS INCOME | 33. COST OF ATTENDANCE | 34. ESTIMATED FINANCIAL AID FOR LOAN PERIOD | 35. EXPECTED FAMILY CONTRIBUTION | 36. |
| 56,115 | 14,290 | 4,550 | 3,802 | 5,938 |

37. SUGGESTED DISBURSEMENT DATES:
1ST DISB: 10 7 90
2ND DISB: 12 17 90

38. DO SUGGESTED DISBURSEMENT DATES CORRESPOND TO SCHOOL TERMS? YES X NO
39. WILL THE STUDENT ATTEND A FOREIGN SCHOOL? YES NO X

SIGNATURE OF SCHOOL OFFICIAL: X C. A. Toy   10-1-90   E. A. Dyer FAD

**SECTION C - TO BE COMPLETED BY LENDER**

42. NAME AND ADDRESS OF LENDER:
Volunteer Bank and Trust Company
Post Office Box 64788
St. Paul, Minnesota 55164-0788
LENDER CODE: 829780

IS THIS AN UNSUBSIDIZED LOAN? YES NO

**SECTION D - TO BE COMPLETED BY HEAF**

SIGNATURE OF LENDING OFFICIAL: Mary Ann [illegible]
ACCEPT

HIGHER EDUCATION ASSISTANCE FOUNDATION · P.O. BOX 64187 · SAINT PAUL, MINNESOTA 55164-0187

COPY 1

## AFFIX TO BACK OF PROMISSORY NOTE

Pay to the order of Higher Education Assistance Foundation ("HEAF") without recourse, provided, however, notwithstanding this indorsement without recourse, the undersigned hereby expressly:

1. Warrants that:
   a) no defense of any party is good against the undersigned; and
   b) the undersigned is not in default under the terms of that certain Lender Agreement for Guarantee of Student loans with Federal Reinsurance ("Lender Agreement") between it and HEAF, in accordance with which payment of the indebtedness evidenced by this instrument was guaranteed by HEAF.
2. Disclaims the implied warranty that it has no knowledge of any insolvency proceeding instituted with respect to the maker of this instrument and instead warrants that to the extent it has knowledge of any such proceeding it has disclosed the same to HEAF, but no other implied warranties are hereby disclaimed.
3. Acknowledges that:
   a) upon payment in full by HEAF of the claim submitted by the undersigned pursuant to the aforesaid Lender Agreement, HEAF will have discharged all of its obligations to the undersigned arising out of said Lender Agreement, and
   b) notwithstanding payment by HEAF of the undersigned's claim and acceptance by HEAF of transfer of the instrument in consideration thereof, HEAF has not waived any rights that it may have against the undersigned pursuant to the terms of the aforesaid Lender Agreement.

SIGNATURE X _[signature]_
TITLE: HSCA Claims Supervisor    DATE:

### B. DISCLOSURE OF LOAN INFORMATION

### C. GENERAL

### D. REPAYMENT

### E. PREPAYMENT

### F. DEFERMENT

### G. FORBEARANCE

### H. DEFAULT

### LATE CHARGES

### J. CREDIT BUREAU NOTIFICATION

### BORROWER CERTIFICATION

### SCHOOL CERTIFICATION

# GUARANTEED STUDENT LOAN (GSL) APPLICATION/PROMISSORY NOTE

HIGHER EDUCATION ASSISTANCE FOUNDATION
PO BOX 64107 • ST. PAUL, MN 55164-0107

**HEAF USE ONLY**

## SECTION A - TO BE COMPLETED BY BORROWER (PRINT IN INK—PRESS FIRMLY—OR TYPE)

1. NAME (NO NICKNAMES)
LAST: Swint  FIRST: Michael  MI: S D
2. SOCIAL SECURITY NUMBER: [redacted]
3. WHEN WERE YOU BORN: [redacted] 2456

4. PERMANENT ADDRESS: 19428 Lauder
CITY: Detroit, MI.  STATE: 48235
5. PHONE: (313) 861 8325

6. U.S. CITIZENSHIP STATUS: 1 ☒ U.S. CITIZEN OR NATIONAL
7. PERMANENT RESIDENT OF WHICH STATE: MI
8. DRIVER'S LICENSE: none

9. ADDRESS OF BORROWER WHILE IN SCHOOL: 901 College St. Knoxville, Tn. 37921
10. PHONE AT SCHOOL ADDRESS: (615) 524 6525
11. MAJOR COURSE OF STUDY: undecided
12. LOAN AMOUNT REQUESTED: $2625.00
13. LOAN PERIOD: 8/89 to 5/90

### REFERENCES

| Name | Teresa Swint | Daphine Swint | Lois Johnson |
|---|---|---|---|
| Street | 19428 Lauder | 18880 Fasse | 999 St. Jean |
| City/State/Zip | Detroit, MI. 48235 | Detroit, MI. 48235 | Detroit, MI. 48235 |
| Phone | (313) 861 8325 | (313) 893 3760 | (313) 824 0410 |

SIGNATURE OF BORROWER: X Michael D. Swint
DATE: Aug 1 8 89

## SECTION B - TO BE COMPLETED BY SCHOOL

22. NAME OF SCHOOL: Knoxville College
PHONE: (615) 524 6525
SCHOOL CODE: 003497

23. ADDRESS: 901 College St. Knoxville, Tn. 37921

PERIOD LOAN WILL COVER: 8/1/89 to 5/1/90
COST OF ATTENDANCE: $6:15 73
ADJUSTED GROSS INCOME: $56,116
COST OF ATTENDANCE FOR LOAN PERIOD: $13,590
$5660
$4260
$3790

SUGGESTED DISBURSEMENT DATES:
1ST DISB: 9/15/89
2ND DISB: 1/2/90

SIGNATURE OF SCHOOL OFFICIAL: X SMSply
DATE: 9-4-89
NAME AND TITLE: E.M. Ellish F.A.R.

## SECTION C - TO BE COMPLETED BY LENDER

42. NAME OF LENDER: Volunteer Bank and Trust Company
c/o Loan Origination Center
43. ADDRESS: P.O. Box 64703
St. Paul, MN 55164-0703

LENDER ID: 829763

## SECTION D - TO BE COMPLETED BY HEAF

SIGNATURE OF LENDING OFFICIAL: X
DATE: SEP 11 1989

REVIEWED #3

LENDER COPY

## GSL PROMISSORY NOTE

### A. PROMISE TO PAY

The Interest, Guarantee Fee, and Origination Fee rates and terms (mentioned in the Promise to Pay on the front of this application/promissory note) are:

INTEREST

1) I agree
balance *
in full

2) Howev
loan prio
such day
Program
the struc
choose t

3. Once t
or, if it is
able by t
under DE

4) The in
a. If I ha
applicat
b. If I am
outstand
c. If I am
outstand
Subsequ
or on any
that date,
d. If I am
outstand
that date
ning betw
year of m

5) The ac
a. until th
b. beginn

6. I may r
when the

7) The ter
balance f
the Highe
I underst
ter during
in Section
F below.

GUARAN

If HEAF
indicates
deductec
refund to
the lende
must ref
I WORK M

8. The O
federal t
rata, on e
check is r

### AFFIX TO BACK OF PROMISSORY NOTE

Pay to the order of Higher Education Assistance Foundation ("HEAF") without recourse, provided, however, notwithstanding this indorsement without recourse, the undersigned hereby expressly:

1. Warrants that:
   a) no defense of any party is good against the undersigned; and
   b) the undersigned is not in default under the terms of that certain Lender Agreement for Guarantee of Student Loans with Federal Reinsurance ("Lender Agreement") between it and HEAF, in accordance with which payment of the indebtedness evidenced by this instrument was guaranteed by HEAF.

2. Disclaims the implied warranty that it has no knowledge of any insolvency proceeding instituted with respect to the maker of this instrument and instead warrants that to the extent it has knowledge of any such proceeding it has disclosed the same to HEAF, but no other implied warranties are hereby disclaimed.

3. Acknowledges that:
   a) upon payment in full by HEAF of the claim submitted by the undersigned pursuant to the aforesaid Lender Agreement, HEAF will have discharged all of its obligations to the undersigned arising out of said Lender Agreement, and
   b) notwithstanding payment by HEAF of the undersigned's claim and acceptance by HEAF of transfer of this instrument in consideration thereof, HEAF has not waived any rights that it may have against the undersigned pursuant to the terms of the aforesaid Lender Agreement.

SIGNATURE X [signature]

TITLE HSLA Claim Supervisor

DATE NOV 0 6 1992

### B. DIS

I underst
statement that cert fies all the terms of the Lo t

### C. GENERAL

I understand that the lender has applied for guarantee coverage of this loan through HEAF and because of this, the loan is subject to, and the terms of this Promissory Note shall be interpreted in accordance with, Title IV, Part B of the Higher Education Act of 1965, as amended (the Act) and federal regulations adopted under the Act, and the Rules and Regulations of HEAF. To the extent not covered by federal law, this Note shall be governed by the laws of the jurisdiction in which the lender is located.

### D. REPAYMENT

I will repay this loan in periodic installments during a repayment period that will begin no later than the end of my grace period.

However, during the grace period I may request that the repayment period begin earlier. The grace period begins when I cease to carry at least one-half the normal academic workload at a school that is participating in the Guaranteed Student Loan Program (GSLP).

1) I will repay this loan over a repayment period that generally lasts at least 5 years but no more than 10 years. However, the following exceptions to these rules apply:
a. If during the grace period, I request a shorter repayment period, the lender may grant me a shorter period. In that event, I may later choose to have the repayment period extended to 5 years.
b. The lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I—or, if both my spouse and I have GSL, PLUS or SLS program loans outstanding, we—pay toward principal and interest at least $600 of the unpaid principal of all such loans (plus interest).
c. If I qualify for postponement of my payments during any period described under Deferment in the Note or if the lender grants "forbearance," as allowed by the Act, those periods will not be included in the 5- and 10-year periods mentioned above.

2) I must contact the lender prior to expiration of my grace period to negotiate the terms of repayment. If I neglect to do so, I hereby authorize the lender to establish repayment terms within the guidelines set forth in Paragraph 1 of this Section, without my further approval. However, the lender must inform me of these terms in writing at the latest address that I have provided to the lender.

3) The particular terms and conditions of repayment that apply to this loan will be set forth in a separate document that the lender will provide to me before the repayment period begins.

4) My obligation to repay this loan shall be canceled if I become totally and permanently disabled or die.

### E. PREPAYMENT

At my option, without penalty, I may prepay at any time all or any part of the unpaid principal balance of this loan. In the event of prepayment, I will be entitled to a refund of any unearned interest that I have paid. The amount of any such rebate will be computed by the same method by which interest payments were computed.

### F. DEFERMENT

I understand that in certain instances authorized by the Act, the payments I am required to make, as described under Repayment in this Note, may be deferred. The instances currently authorized by the Act are described under Deferment in the HEAF application information booklet. To obtain such deferment, I agree to comply with the relevant federal regulations and the Rules and Regulations of the HEAF, including, without limitation, submission of required forms to the lender.

### [FORB]EARANCE

e to repay this loan in accordance with the terms established under Repayment in this request the lender to modify the terms. I understand that such modification would be s option and would have to be in compliance with the Act, federal regulations adopted et and the Rules and Regulations of HEAF. I understand that a modification of repay-under this Section is different from Deferment (as described in the Notice) and that fur-t will remain responsible for payment of interest, which the lender may not collect from orific basis or (b) add to the principal balance of the loan.

### [DEFA]ULT

— I understand that under the Act, and HEAF Rules and Regulations, any of the follow-a default:

fees! "y installment payment when due, provided that this failure persists for 180 days payable in monthly installments or 240 days for a loan repayable on less frequent

by false representation for the purpose of obtaining this loan;
loan proceeds for other than educational purposes;
enroll in the school that completed the application for the time identified as my loan

ing the lender immediately if I (a) drop to less than a half-time student, (b) change my time, (c) change my name, or (d) change my permanent address.
ecse of default—If I default on this loan:
may declare the entire unpaid amount of the loan, including interest, immediately due

e holder or guaranty agency may disclose to schools I have attended (or am currently enrolled in) about the default.
ve able to receive assistance from all Title IV programs and any of the following federal al Grant, Supplemental Educational Opportunity Grant, College Work Study, State ps, ard Perkins Loan (formerly called National Direct Student Loan, Guaranteed n Loans, Supplemental Loans for Students - SLS, PLUS loans, or Consolidation Loans. ires for the benefit of deferment and/or Repayment and Deferment in this Note.
uty all charges and other costs, including attorney's fees, that are permitted by federal Act. In addition to other amounts. If this loan is referred for collection to an 
subject to the Fair Debt Collection Practices Act, I will pay collection costs not to 
cent of the unpaid principal and accrued interest. Excluding these amounts owed to 
at payable at a the option of the lender, which it may in its sole discretion employ with respect to 
and other requirements of laws, failure to exercise this option does not constitute a 
lender's right to exercise the option at a later date.
may breach this Note to HEAF, I will then be required to pay HEAF all amounts owed

### [LATE] CHARGES

by law, the lender may collect from me a late charge if I fail to pay all or part of a required payment within 10 days of the date it is due or if I fail to provide a form that verifies that I am still entitled to have the payment deferred as described under Deferment of this Note. A late charge shall amount to no more than 6 cents of each dollar of each late installment.

### [CREDI]T BUREAU NOTIFICATION

Concerning the amount of this loan and its repayment will be reported to one or more organizations. If I default on this loan the holder or guaranty agency will also ult a credit bureau organization. This may include early and adversely affect my ... The lender or its guaranty agency must verify me at least 30 days 
so about me in that will be disclosed to credit bureau organizations unless from me can correct such reporting elsewhere. I might have with that report 
and completeness of information reported about me.

### [BORROW]ER CERTIFICATION

I certify under penalty of perjury under the laws of the United States of America that the following is true and correct. I the borrower, certify that the information contained in my application for this loan is true and complete and correct to the best of my knowledge and that I would and I intend to attend ... I hereby authorize the school to pay to the lender any refund which may be due me by the school, certify further to use and my ount of the loan. I further authorize any other source of funds to that I may attend and I AF to se to the lending institution, subsequent forwarder of these agents, any educational information pertinent to this loan; e.g. employment, enrollment status, prior loan history, current address, I also iorize the lender business and further those agents, the institutions and also am not to make ents in my can apply and and related accounts, I also authorize the lender and future 
span to all or as references for the purpose of verifying my current address and telephone num-
tify that the proceeds of this can will be used for educational purposes for the academic 
ad on this loan application at this school, among institutions named on the application. 
cad I am not active for the wing any funds I receive that cannot reasonably be attributed to 
uctional expenses required to attendance at this institution for the loan period 
fy that I am a bona fide student enrolled for at least quarter in the U.S. program and that I do not 
to any Title IV can program. I certify that if I am eligible to apply for a Pell Grant that I 
ad that I have requested and that I will soon so determine my eligibility for a Pell Grant. I 
fy I have read the materials describing the federal guaranteed student loan program 
provided to me and that I understand my responsibilities and my rights under that 
program.

### SCHOOL CERTIFICATION

I hereby certify that the student named in Section A of this application is accepted for enrollment as a student, as at least a half-time student, and is making satisfactory academic progress in a program determined to be eligible for the loan program. I further certify that the student has been determined by 
the institution, under the regulations applicable to the loan program, to be eligible for the loan applied for, I further certify that financial need records available at this institution and the inquiry of the students financial aid, is not in default on any loan made under the Guaranteed Student Loan program or any 
claimed to of CER Part 684, and is now liable for any refund of any grant made under any student assistance programs identified in 34 CFR Part 468. I further certify that this institution will comply with all terms and provisions of federal law and the rules, regulations, policies and procedures of HEAF in the administration of this loan. The information provided in Sections A and B and the School Certification such a bona completes, and correct to the best of my knowledge and belief.

GSL A701 A305 A207 5-88